**Parramore Lee SANBORN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Aug. 7, 1986.

As Modified Sept. 25, 1986.

**476**

J. Vincent Aprile, II, Julie Namkin, Asst. Public Advocates, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., David A. Smith, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION AND ORDER

On August 30, 1985, this Court entered an order in the above-styled action granting appellant's motion for an extension of time to June 2, 1986, in which to file his brief and perfect the appeal.

In the same Order we further provided:

"If appellant's brief is not filed and his appeal is not perfected on or before June 2, 1986, appellant's counsel, Honorable J. Vincent Aprile, II, and Honorable Julie Namkin, shall appear before this Court on June 24, 1986, at 11:00 a.m., in order to show cause why they should not be held in contempt of this Court or sanctioned, for failure to timely complete the brief."

Appellant's counsel, J. Vincent Aprile, II and Julie Namkin, failed to comply with this Order and a hearing was held on June 24, 1986, at which time Mr. Aprile and Ms. Namkin appeared and offered explanation.

We find the following facts to be true:

The transcript of evidence was filed on June 27, 1985. Thereafter, *on the day the brief was due* appellant failed to file his brief but instead filed a motion for a ten (10) month extension. The reasons for the requested lengthy extension included a recitation of the length of the record on appeal and counsels' present caseloads, along with counsels' estimate, after reviewing the record and based on their present caseloads and past experience with appeals of comparable nature and size, that an additional ten (10) months would be needed to prepare appellant's brief. In paragraph ten of the motion for extension counsel stated that "(b)ecause this is a capital case in which the death sentence was imposed, the undersigned counsel believe this initial extension of ten (10) months is both reasonable and necessary under the circumstances." On August 30, 1985, this Court considered and granted appellant's requested motion for extension of time and entered the aforementioned order.

Ten months later, *on the date the brief was due*, appellant failed to file his brief but instead filed a motion requesting another ten (10) month extension of time. Counsel failed to comply with this Court's order of August 30, 1985, to timely file appellant's brief and instead filed a second motion for extension of time which parroted in large part the language of the previous motion for extension of time and listed "the unusual length of the record, the large number of preserved errors to be evaluated and the imposition of the sentence of death" as reasons justifying counsels' request for an additional extension of time.

Counsel Namkin filed an ex parte motion to be relieved from appearing at the June 24, 1986 show cause hearing in which she detailed her current caseload. This Court denied the motion on June 23, 1986.

At the oral hearing conducted June 24, 1986, Mr. Aprile advised this Court that he had not completed reading the record in

this case, nor begun writing the brief and that the initial request for an extension of time was merely an estimate of the time needed to complete the brief. Ms. Namkin advised the Court that, unlike Counsel Aprile, she had read the record but that she too had not begun writing appellant's brief. After ten-months' extension of time and in spite of a pending show cause order, neither attorney had begun writing appellant's brief, and one had completed reading the record.

Among this Court's responsibilities is the duty to protect the authority of the judiciary and to respect the rights of defendants charged with committing crimes. This Court may not dismiss an appeal for counsel's failure to timely file a statement of appeal and brief. However, this Court cannot tolerate interminable delays occasioned by counsel deciding when it is timely and appropriate for a brief to be filed, rather than following the dictates of this Court.

■ Mr. Aprile and Ms. Namkin gave no adequate response to the Order of this Court to show cause. After eleven months neither counsel has committed any portion of the appellant's brief to writing and Mr. Aprile has failed to read the record in its entirety. Although counsel were fully aware that they would be unable to comply with this Court's order of August 30, 1985 and timely file appellant's brief, they waited until the last day of the ten-month extension period to request another extension. Mr. Aprile advised the Court that Ms. Namkin had proposed filing the motion for extension at an earlier date, but that as senior counsel he elected to file the motion on the date the brief was due to be filed. Counsel were granted a realistic deadline for filing appellant's brief and could not justify the practice prevalent in criminal cases of routinely seeking an additional extension of time on the last day of the extension period rather than filing the brief. When counsel is granted a lengthy extension of time in which to file a brief and it becomes impossible for counsel to file that brief, counsel shall inform this Court and request an additional extension

at the earliest practicable date, justifying their inability to file the brief and the necessity for an additional extension of time to complete the brief.

■ We find no acceptable excuse for counsels' failure to even begin writing appellant's brief before the date the brief was ordered to be filed. We further find that Mr. Aprile and Ms. Namkin are in contempt of the Order of this Court entered August 30, 1985, requiring them to file appellant's brief on or before June 2, 1986, or appear to show cause why they should not be held in contempt of this Court or sanctioned for failure to timely complete the brief. We find counsels' explanations as to caseload to be inadequate to explain their lack of effort to commit any portion of appellant's brief to writing. We find no merit in counsels' argument that both attorneys must read the record on appeal in its entirety before beginning work on appellant's brief. We find no explanation for failing to notify us immediately if there were considerations that would legitimately have prevented their compliance with our Order of August 30, 1985, when notified thereof.

Being duly advised, it is the order of this Court that said J. Vincent Aprile, II, as senior counsel of record, is found in contempt of court and fined $500 for his contempt. It is further the order of this Court that said Julie Namkin, as junior counsel of record, is found in contempt of court and fined $250 for her contempt.

In consideration of this being the first conviction, payment of both fines is suspended subject to further conduct. Costs of this proceeding are assessed against Mr. Aprile and Ms. Namkin.

All sitting.

STEPHENS, C.J., and LEIBSON, STEPHENSON, and WINTERSHEIMER, JJ., concurring.

VANCE, J., would impose sanctions, but without a finding of contempt.

GANT, J., dissents in a separate dissenting opinion and is joined by WHITE, J.

GANT, Justice, dissenting.

In my opinion, there was more than an adequate showing of cause for failure to file the briefs herein in the allotted time period.

A history of the practice of motions for extension of time is in order at this juncture. The revival of the death penalty in Kentucky occasioned a tremendous responsibility in the Office of Public Advocacy, but did not occasion a comparable increase in staff. The result was a flood of motions to this court for short extensions of 60 to 90 days. After conference between the OPA and this court, it was determined that under no circumstance should a fixed period of extension be requested until the record had been examined and an estimate of required time had been made. This came as a result of repeated instances where extensions had been moved for without even a reference to the record.

No express policy was formulated concerning death penalty cases except that this court consistently granted and conceded that length requirements would be waived. However, at no interval was the Public Advocate informed that the initial extension would be a final one in death penalty cases, irrespective of length of record, number of exhibits, number of potential errors, etc.

The ability to schedule time by a private practitioner and a public officer is vastly different. For example, in the instant case, both attorneys completed and filed briefs in another death penalty case. One attorney who had originally been assigned the case left the employment of the OPA, causing Julie Namkin to be switched from another case. Mr. Aprile had to replace another resigning attorney at a capital offense trial in Christian County. The public defender has no control over his case load, the gravity of his cases, or the number of attorneys available for assignment, and is unable to refuse to accept one case while another is pending. Often, the attorney assigned the appeal was not involved at trial.

To expect absolute accuracy in estimating the preparation time for a case of this magnitude upon a 30-day examination of thousands of pages of transcript is patently unfair when the circumstances of underpaid, highly motivated public attorneys are considered. Cause for delay was clearly shown. There was absolutely no contempt of the order of this court when it was apparent that both these attorneys had done all within their power. To punish them for waiting until the last day is a new concept in law. There has been no harm done and no malice shown. The show cause order should never had been made a part of the original extension but used only if additional time was requested.

WHITE, J., joins in this dissent.